Magistrate Judge Donahue

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANCISCO RABANG,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | NO. C04-1745Z<br>(CR00-184Z)<br><br>GOVERNMENT'S RESPONSE TO § 2255 MOTION TO VACATE/CORRECT SENTENCE AND, IN LIGHT OF <u>AMELINE</u> WITHDRAWAL, REQUEST TO LATER SUPPLEMENT THE RESPONSE IF NECESSARY |

**A.  Introduction**          **NOTED FOR MAY 1, 2005**

The United States of America, by and through John McKay, United States Attorney for the Western District of Washington, and Susan M. Roe, Assistant United States Attorney, submits this Initial Response to petitioner Rabang's Motion to Vacate Sentence under Title 28, United States Code, § 2255.

This is the defendant's first motion under Title 28, United States Code, § 2255. He did not file a direct appeal from his conviction and sentence.

**B.  Response to Allegations of Motion**

The government denies all of the defendant's allegations, and respectfully recommends that the motion be denied without an evidentiary hearing. The Supreme Court decision in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), which did not purport to invalidate the federal sentencing guidelines, does not apply retroactively. Even if it does apply, the defendant's motion still must be denied, because he admitted his

Government's Response/Rabang § 2255 Petition
C04-1745/CR00-184Z - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

leadership role, one of two relevant sentencing factors, in his Plea Agreement and the sentence imposed is within the guideline range without consideration of the other relevant factor. <u>Blakely</u> permits a court to increase a defendant's sentence based on facts *"admitted by the defendant."* 124 S. Ct. at 2537 (emphasis in original).

Finally, since he cannot identify error in his sentencing, the defendant has failed to establish that his attorney was ineffective.

C. Statement of the Case

1. Procedure

On July 18, 2000, the defendant entered a plea of guilty to Count 1 of the Indictment, conspiracy to import and to distribute over 100 kilograms of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), 846. 952(a), 960(b)(2)(G) and 963. The defendant was represented by Jennifer Shaw. Sentencing was held on October 13, 2000, before Judge Thomas S. Zilly. The defendant was sentenced to a term of 135 months in prison, followed by five years of supervised release, the usual terms and conditions of supervised release and a $100 assessment..

The defendant did not appeal his conviction; neither did he timely file a Motion to vacate or Correct his Sentence under Title 28, United States Code, Section 2255.

**2. Facts**

The defendant agreed in his Plea Agreement that the following facts were true and were the basis for his plea of guilty:

> During the last five years Francisco G. Rabang *ran an organization* which smuggled U.S. currency into Canada to buy marijuana and smuggled Canadian marijuana into the United States for distribution. On dozens of occasions Mr. Rabang *employed family members and others* to move the currency, in amounts as large as $130,000, into Canada and to pick up multi-pound loads of marijuana. The loads ranged in weight from 35 pounds to well over 100 pounds. For instance, an 111 pound load of marijuana intercepted by law enforcement in January of 1999 at the U.S.-Canadian border was being brought in *for Mr. Rabang and under his supervision.* Money was moved north into Canada and marijuana was smuggled south into the United States *by truck & car and by "runners"* who walked or threw bags of marijuana across the international border to people waiting on this side.
> *Those who worked for Mr. Rabang* picked up the marijuana in Canada or on the U.S. side of the border and delivered the loads to one of several Rabang-family homes or, *on Mr. Rabang's instruction*, directly to

Government's Response/Rabang § 2255 Petition
C04-1745/CR00-184Z - 2

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

customers in Seattle and Portland. Whoever delivered the loads to customers would return to Whatcom County with the cash proceeds, some of which would be used to buy another load of marijuana and to pay those who assisted with the smuggle and delivery. Mr. Rabang and his co-conspirators bought the marijuana, referred to as "B.C. bud," for $2,500 to $3,000 (Canadian) per pound. The marijuana was packaged into smaller pound or half-pound packages for resale and sold in the Bellingham area, Seattle, Portland and California for large-scale customers at $3,000 (US) and higher per pound.

A court-authorized wire intercept recorded several telephone calls between Mr. Rabang and other coconspirators in June and July of 1999. During the thirty-day intercept, *the group* smuggled three loads, weighing between 25 and 45 pounds of marijuana, from Canada into the United States.

Mr. Rabang arranged for *between 400 and 700 kilograms of marijuana* to come into the United States for distribution. The smuggles occurred along the international border in Whatcom and other counties of Washington State

Plea Agreement, paragraph 6. (emphasis added)

The quantity of 400 to 700 kilograms of marijuana yields a base offense level of 28, as noted in the defendant's petition. The sentencing Court imposed a three level enhancement for supervisory role and a two point enhancement for use of a minor. The petitioner benefitted from a three level reduction for acceptance of responsibility for a final offense level of 30. At criminal history category IV[1], his range was 135 to 168 months.

The defendant admitted his supervisory role throughout the Statement of Facts. His use of a minor was noted specifically noted, although the use of his family members (the minor was a 15 year old relative) was admitted.

If the Court had not imposed the two level enhancement for the use of a minor, his range at final offense level 28 in a criminal history category IV, would have been 110 to 137 months.

The 135 month sentence imposed was within both guidelines.

**D.  Argument**

    1.    Blakely Does Not Apply Retroactively.

---

[1] There appears to be a typographical error in Petition, page 2, line 19, where he notes his criminal history category as VI. It is noted correctly on page 3, last line, as IV.

Government's Response/Rabang § 2255 Petition
C04-1745/CR00-184Z - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

On June 24, 2004, the Supreme Court issued its opinion in <u>Blakely v. Washington</u>,124 S. Ct. 2531 (June 24, 2004). In the opinion, the Supreme Court applied the rule of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), to invalidate a sentencing enhancement, imposed pursuant to state law, that increased the sentence beyond the range authorized by Washington state's statutory sentencing guidelines. The decision says it is immaterial that the sentence was still below the maximum penalty associated with the offense of conviction. The Court explained that, because the facts supporting the enhancement were "neither admitted by [the defendant] nor found by a jury," the sentence violated the Sixth Amendment right to trial by jury because it was a fact that raised the maximum sentence. 124 S. Ct. at 2537. The <u>Blakely</u> Court stated that "the 'statutory maximum' for <u>Apprendi</u> purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" 124 S. Ct. at 2537 (emphasis in original).

<u>Blakely</u> does not address the United States Sentencing Guidelines. In a footnote, the Supreme Court simply stated that the Sentencing Guidelines were not before the Court and noted it expressed no opinion with regard to these guidelines. <u>See id.</u> at 2538 n.9. It is the government's view that <u>Blakely</u> does not apply to the federal guidelines, which have repeatedly been upheld by the Supreme Court, and which differ in material respects from the Washington state scheme at issue in <u>Blakely</u>.

Nonetheless, on July 21, 2004, a divided panel of the Ninth Circuit (without oral argument) held that "there is no principled distinction between the Washington Sentencing Reform Act at issue in *Blakely* and the United States Sentencing Guidelines," and found that <u>Blakely</u> applies to the federal Sentencing Guidelines. <u>United States v. Ameline</u>, 376 F.3d 967 (9th Cir. 2004). The Court further concluded that the imposition of an enhanced sentence based on judge-found facts constituted reversible plain error, but that the unconstitutional statutory and guidelines provisions could be severed from the remainder of the federal Sentencing Guidelines. **On Friday, March 11, 2005, this opinion was withdrawn in light of the Ninth Circuit's granting of an <u>en banc</u>**

Government's Response/Rabang § 2255 Petition
C04-1745/CR00-184Z - 4

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

**review.**[2]    The defendant now seeks to retroactively apply the rule set forth in Blakely to obtain a new sentence in his case. This claim should not be reached, however, because even if Blakely applies to the Federal Sentencing Guidelines, it should not be applied retroactively to cases on collateral review.

The governing rule regarding the retroactivity of judicial decisions was set forth in Justice O'Connor's plurality opinion in Teague v. Lane, 489 U.S. 288 (1989). That opinion quotes with approval the concept that "that new rules should always be applied retroactively to cases on direct review, but that generally they should not be applied retroactively to criminal cases on collateral review." Id. at 303. The Supreme Court has defined a "new rule" under Teague as one that was not "'dictated by precedent existing at the time defendant's conviction became final.'" Graham v. Collins, 506 U.S. 461, 467 (1993) (quoting Teague, 489 U.S. at 301 (emphasis in Teague)). Subsequent decisions have made clear that a rule may be "new" despite the fact that earlier cases supported it, Sawyer v. Smith, 497 U.S. 227, 236 (1990), "or even control or govern" it, Saffle v. Parks, 494 U.S. 484, 491 (1990). If a court considering the defendant's claim at the time his conviction became final would not have been compelled by existing precedent to conclude that the rule he seeks was required, "then the rule is new." O'Dell v. Netherland, 521 U.S. 151, 156 (1997).

There are two narrow exceptions to the general rule that new rules are not available to a defendant on collateral review. First, where the new rule is considered to be *substantive* it applies retroactively. Schriro v. Summerlin, 124 S. Ct. 2519, 2522 (2004). Substantive rules are ones "that narrow the scope of a criminal statute by interpreting its terms . . . as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." Id. (Citations omitted). In other words, if a defendant's conduct is no longer criminal, he

---

[2] The government respectfully requests permission to file this Response one day late. The Response was due on Friday, March 11, 2005, but needed reconsideration and minor revision in light of the withdrawal of the opinion in Ameline filed that morning.

Government's Response/Rabang § 2255 Petition
C04-1745/CR00-184Z - 5

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

should not remain in jail. As set forth below, the rule announced in Blakely does not fall within this exception.

Second, a new rule should be applied retroactively if it implicates fundamental fairness in a way that seriously affects the likelihood of an accurate conviction. Id. at 312-13. This is, in actuality, an exception to the general rule that a new rule of *procedure* does not apply retroactively. As the Court has noted, such *procedural* rules "do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." Summerlin 124 S. Ct. at 2522. Therefore, such new *procedural* rules are only given retroactive effect to cases on collateral review if they are "'watershed rules of criminal procedure' implicating the fundamental fairness and the accuracy of the criminal proceeding." Saffle v. Parks, 494 U.S. 484 (1990), quoting Teague, 489 U.S. at 311. The Supreme Court has since noted that this was meant to apply only to a small core of rules. Graham v. Collins, 506 U.S. 461, 478 (1993). Despite many decisions addressing new rules of constitutional law, the Supreme Court has yet to find any of the rules retroactive under the Teague rule. See Levan v. United States, 128 F. Supp. 2d 270, 277-78 (E.D. Pa. 2001) (collecting cases).

The standards set forth in Teague now have been applied in a number of cases. See, e.g., O'Dell v. Netherland, 521 U.S. 151 (1997); Graham v. Collins, 506 U.S. 461 (1993); Sawyer v. Smith, 497 U.S. 227 (1990). As the Court explained in O'Dell v. Netherland, the "Teague inquiry is conducted in three steps." 521 U.S. at 156. Step one is to determine whether the defendant's conviction became final before the new decision on which the defendant seeks to rely. If the conviction is not yet final, a defendant may rely on the decision. If the conviction is final, one moves to step two, that is, to determine whether the decision actually creates a "new rule" as defined by the Court. If the rule is not new, the defendant is again entitled to the benefit of the decision. Where the decision creates a new rule, however, the analysis proceeds to the third step, that is, to determine whether the rule is either substantive or a "watershed rule of criminal procedure." It is

Government's Response/Rabang § 2255 Petition
C04-1745/CR00-184Z - 6

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

only if the rule falls into one of these two categories that the defendant is entitled to rely on the rule. If neither exception applies, the defendant is not entitled to the benefit of the decision and the inquiry ends.

### a. The Defendant's Conviction Was Final Before <u>Blakely</u>.

In this case, it is beyond dispute that the defendant's conviction became final before June 24, 2004, the date of the <u>Blakely</u> decision. Thus, the inquiry with respect to retroactivity must move to step two.

### b. <u>Blakely</u> Announces a New Rule.

As noted above, a new rule is one not dictated by precedent in existence at the time the defendant's conviction became final. <u>Graham v. Collins</u>, 506 U.S. at 467. Under this standard, <u>Blakely</u> adopted a new rule.

Four years before <u>Blakely</u>, in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), the Supreme Court held that any fact which increases a statutory maximum sentence must be determined by a jury. In the years, that followed, every circuit court of appeals without exception held that the <u>Apprendi</u> rule was inapplicable to the federal Sentencing Guidelines, so long as the final sentence did not exceed the statutory maximum sentence on any count of conviction.[3] That body of law makes unquestionable that, even if <u>Blakely</u> is ultimately held to require jury determinations regarding every enhancement factor under the federal Sentencing Guidelines, that result is not "dictated" by the <u>Apprendi</u> precedent, and reasonable jurists were not compelled so to conclude. Indeed, the Seventh Circuit made this observation with respect to <u>Blakely</u>. <u>Simpson v. United States</u>, 376 F.3d 679, 680 (7th Cir. 2004)("The rule announced in <u>Blakely</u> is based in the Constitution

---

[3] <u>See, e.g.</u>, <u>United States v. Casas</u>, 356 F.3d 104, 128 (1st Cir. 2004); <u>United States v. Luciano</u>, 311 F.3d 146, 153 (2d Cir. 2002); <u>United States v. Parmelee</u>, 319 F.3d 583, 592 (3d Cir. 2003); <u>United States v. Cannady</u>, 283 F.3d 641, 649 & n.7 (4th Cir. 2002); <u>United States v. Floyd</u>, 343 F.3d 363, 372 (5th Cir. 2003); <u>United States v. Tarwater</u>, 308 F.3d 494, 517 (6th Cir. 2002); <u>United States v. Merritt</u>, 361 F.3d 1005, 1015 (7th Cir. 2004); <u>United States v. Banks</u>, 340 F.3d 683, 684-65 (8th Cir. 2003); <u>United States v. Ochao</u>, 311 F.3d 1133, 1134-36 (9th Cir. 2002); <u>United States v. Mendez-Zamora</u>, 296 F.3d 1013, 1020 (10th Cir. 2002); <u>United States v. Ortiz</u>, 318 F.3d 1030, 1039 (11th Cir. 2003); <u>United States v. Pettigrew</u>, 346 F.3d 1139, 1147 n.18 (D.C. Cir. 2003).

Government's Response/Rabang § 2255 Petition
C04-1745/CR00-184Z - 7

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

and was not dictated or compelled by Apprendi or its progeny. In fact, before Blakely was decided, every federal court of appeals had held that Apprendi did not apply to guideline calculations made within the statutory maximum.").

Because Blakely therefore constitutes a new rule of procedure, the question remains whether it is subject to either of the two exceptions outlined in Teague.

        c.        **Blakely Is Neither a Substantive Rule Nor a Watershed Rule of Criminal Procedure.**

The decision in Blakely simply does not meet either of the Teague exceptions. That issue was essentially decided by the Supreme Court, on the same day that it decided Blakely, by its decision in Schriro v. Summerlin, 124 S. Ct. 2519 (2004), discussed below. See also In re Dean, 375 F.3d 1287, 1290 (11th Cir.2004) ("the Supreme Court has strongly implied that Blakely is not to be applied retroactively"); United States v. Lowe, 2004 WL 1803354, *3 (N.D. Ill., August 5, 2004); Garcia v. United States, 2004 WL 1752588, *6 (N.D. N.Y., August 4, 2004)("Because Apprendi does not apply retroactively to collateral attacks and Blakely is an extension of Apprendi, Blakely is similarly limited to prospective application"); United States v. Stoltz, 325 F. Supp.2d 982, 987 (D. Minn., July 19, 2004) ("It follows, then, that Blakely is also procedural, rather than substantive, and that it is not a watershed rule. Therefore, defendant's motion for relief pursuant to § 2255 cannot be grounded on that basis") .

In Schriro v. Summerlin, 124 S. Ct. 2519 (2004), the Supreme Court held that its decision in Ring v. Arizona, 536 U.S. 584 (2002), does not apply retroactively to cases already final when the decision was announced. In Ring, the Court applied the Apprendi principle to a death sentence imposed under the Arizona sentencing scheme. The Court concluded that, because Arizona law authorized the death penalty only if an aggravating factor was present, Apprendi required the existence of such a factor to be proved to a jury rather than to a judge.

In Summerlin, the Court was presented with a case involving the same Arizona sentencing scheme for death penalty cases at issue in Ring. The Court reversed a decision

Government's Response/Rabang § 2255 Petition
C04-1745/CR00-184Z - 8

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

of the Ninth Circuit and held that Ring presented a new rule of procedure which was not retroactively applicable under the Teague formulation. In so doing, it confirmed that Ring (and by extension, Apprendi) is in fact a procedural rule subject to Teague. In a statement directly applicable to Blakely, the Court concluded, "rules that regulate only the *manner of determining* the defendant's culpability are procedural." Summerlin, 124 S.C. at 2533 (emphasis in original). "Ring altered the range of permissible methods for determining whether a defendant's conduct is punishable by death, requiring that a jury rather than a judge find the essential facts bearing on punishment. Rules that allocate decision making authority in this fashion are prototypical procedural rules . . . ." Id. at 2523.

The Summerlin Court also rejected the contention that the jury requirement for sentencing factors established in Apprendi and Ring was a "watershed" rule demanding retroactive application. Addressing that exception, the Court stated

> [t]hat a new procedural rule is 'fundamental' in some abstract sense is not enough; the rule must be one 'without which the likelihood of an accurate conviction is seriously diminished.' This class of rules is extremely narrow, and 'it is unlikely that any ... 'ha[s] yet to emerge.' Tyler v. Cain, 533 U.S. 656, 667, n. 7, 121 S. Ct. 2478, 150 L.Ed.2d 632 (2001) (quoting Sawyer v. Smith, 497 U.S. 227, 243, 110 S.Ct. 2822, 111 L.Ed.2d 193 (1990)).

Summerlin, 124 S. Ct. at 2523.

The Court went on to note that the jury requirement is not such a rule. The opinion notes that while there are many arguments in favor of the proposition that juries are better fact finders, there are an equal number that state that this is not the case. As the Court observed: "[w]hen so many presumably reasonable minds continue to disagree over whether juries are better fact finders *at all*, we cannot confidently say that judicial fact-finding *seriously* diminishes accuracy." Id. at 2525 (emphasis in original).

This result is directly applicable to the Blakely. If, as in Summerlin, the requirement that a jury determine an aggravating factor which leads to imposition of the death penalty is not so fundamental to require retroactive application, surely the same

holding applies to the guideline enhancement issues to which Blakely is addressed. Moreover, even prior to Summerlin, every appellate court to address the issue, applying similar reasoning, held that the decision in Apprendi is not retroactively applicable in cases on collateral review.[4] For these reasons, a claim of error under Blakely may not be raised in a case, like this one, which became final prior to the Blakely decision, and the 2255 petition should be denied.

**2. Even If Blakely Were to Be Applied Retroactively, it Would Not Benefit the Defendant.**

The defendant would not benefit even if the Blakely decision applied to his case. The Blakely Court stated that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" 124 S. Ct. at 2537 (emphasis in original). The defendant admitted to facts for one of the enhancements within his Plea Agreement. His admission to his leadership role is sufficient to make the imposed sentence one within the applicable guideline range. :

Therefore, the defendant does not have a claim of error under Blakely, even it was applicable to his case, because he admitted the relevant facts for sentence enhancement.

**3. The Defendant Has Failed to Establish That His Attorney Was Ineffective.**

Whether a defendant received ineffective assistance of counsel is a question of law. Weygandt v. Ducharme, 774 F.2d 1491, 1492-93 (9th Cir. 1985) (citing Strickland v. Washington, 466 U.S. 668, 698 (1984)). Review of counsel's performance is highly

---

[4] See, e.g., Sepulveda v. United States, 330 F.3d 55, 63 (1st Cir. 2003); Coleman v. United States, 329 F.3d 77, 90 (2d Cir.), cert. denied, 124 S. Ct. 840 (2003); United States v. Jenkins, 333 F.3d 151 (3d Cir.), cert. denied, 124 S. Ct. 350 (2003); United States v. Sanders, 247 F.3d 139 (4th Cir. 2001); United States v. Brown, 305 F.3d 304, 307-10 (5th Cir. 2002); Goode v. United States, 305 F.3d 378, 382-85 (6th Cir. 2002); Curtis v. United States, 294 F.3d 841, 842-44 (7th Cir. 2002); United States v. Moss, 252 F.3d 993, 997-1001 (8th Cir. 2001); United States v. Sanchez-Cervantes, 282 F.3d 664, 667-71 (9th Cir. 2002); United States v. Mora, 293 F.3d 1213, 1218-19 (10th Cir. 2002); McCoy v. United States, 266 F.3d 1245, 1256-58 (11th Cir. 2001).

Government's Response/Rabang § 2255 Petition
C04-1745/CR00-184Z - 10

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

deferential and there is a strong presumption that counsel's conduct fell with the wide range of reasonable representation. United States v. Hamilton, 792 F.2d 837, 839 (9th Cir. 1985) (quoting Strickland, 466 U.S. at 689).

There is a two-part test to evaluate claims of ineffective assistance of counsel. First, the "defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Second, counsel's error must have prejudiced the defendant. Deficient performance is demonstrated when "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687, and there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. With respect to guilty pleas, the defendant must establish that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). There is a strong presumption that counsel's conduct falls within the "wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

The defendant has not established that his attorney was ineffective, nor that he was prejudiced. Because the defendant admitted to the applicable drug quantity (a negotiated amount), there was no issue involving the application of Blakely to guideline calculations. In addition, because neither the Supreme Court nor the Ninth Circuit had invalidated the Federal Sentencing Guidelines, it was not ineffective assistance for his attorney to fail to challenge them.

The defendant has not taken the necessary next step to prove ineffective assistance. He has not alleged that he did not sell the quantity of drugs he admitted or that he was not the leader of this family criminal enterprise. He has not claimed that he was somehow coerced or misled by his attorney. Since he admitted both the drug quantity and his leadership role, Blakely does not apply to his situation.

**H.  Conclusion**

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

For the reasons stated above, the defendant's Motion Under 28 U.S.C. § 2255 should be denied.

DATED this 14th day of March, 2005.

Respectfully submitted,

JOHN McKAY
United States Attorney

s/ Susan M. Roe
SUSAN M. ROE
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
(206) 553-1077, Fax: (206) 553-4440
E-mail: susan.roe@usdoj.gov
Washington State Bar #13000

Government's Response/Rabang § 2255 Petition
C04-1745/CR00-184Z - 12

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

# CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the Defendant-Petitioner. I hereby certify that I have served the Defendant-Petitioner by depositing the same in the United States mail at 700 Stewart Street, Suite 5220, Seattle, Washington, 98101, addressed to:

Francisco G. Rabang
30010-086
USP Lompoc
3901 Klein Blvd
Lompoc CA 93436-2706

s/Lilibeth D. Margen
LILIBETH D. MARGEN
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206.553.4214
FAX:   206.553.4440
E-mail: Beth.Margen@usdoj.gov

CERTIFICATE OF SERVICE/Francisco Rabang— 13
Government's Response to § 2255 Motion/C04-1745Z

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970